UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JULIANN ANDREEN, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No.: 08-0810 (ESH) |
| CATHY L. LANIER, *et al.*, | : | |
| Defendants. | : | |

**DEFENDANTS DISTRICT OF COLUMBIA
AND POLICE CHIEF CATHY LANIER'S
<u>MOTION TO DISMISS</u>**

Defendants District of Columbia ("District") and Police Chief Cathy Lanier, by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully move this Honorable Court for an order:

1. Dismissing Plaintiff's Complaint against Police Chief Cathy Lanier because Plaintiff's lawsuit against Chief Lanier is an official-capacity suit. Dismissal is appropriate since the District of Columbia is already a party defendant and plaintiff must look to the District for her relief.

2. Dismissing Plaintiff's Complaint against Police Chief Cathy Lanier because she is entitled to the defense of qualified immunity.

3. Dismissing Plaintiff's claim against the District under 42 U.S.C. § 1983, because she has failed to sufficiently plead a viable claim under the stature.

4. Dismissing Counts III and IV of the Complaint because Plaintiff's conspiracy claims are barred by the intracorporate conspiracy doctrine and, therefore, must be dismissed.

5. Refusing to exercise supplemental jurisdiction over Plaintiff's common law claims.

A Memorandum of Points and Authorities in support of this Motion, along with a proposed Order, is attached hereto and incorporated herein by reference. Because this is a dispositive motion, Defendants are not required to confer with other parties per LCvR 7(m).

        Respectfully Submitted,

        PETER J. NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        _____/s/_____
        PATRICIA A. JONES [428132]
        Chief, General Litigation Sec. IV

        ____/s/ Dwayne C. Jefferson_____
        DWAYNE C. JEFFERSON [980813]
        Assistant Attorney General
        One Judiciary Square
        441 4th St., N.W., 6th Floor South
        Washington, D.C. 20001
        (202) 724-6649; (202) 727-6295; (202) 741-0554 fax
        dwayne.jefferson@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIANN ANDREEN, | : |
| Plaintiff, | : |
| v. | : C.A. No.: 08-0810 (ESH) |
| CATHY L. LANIER, *et al.*, | : |
| Defendants. | : |

**MEMORANDUM AND POINTS OF AUTHORITIES SUPPORTING
DEFENDANTS' MOTIONS TO DISMISS**

In support of their dispositive motions, Defendants District of Columbia ("District") and Police Chief Cathy Lanier herein submit their memorandum of points and authorities.

**I.  STATEMENT OF FACTS**

This case stems from a June 11, 2007, (5:10 p.m.), alleged search of Plaintiff Juliann Andreen's home at 1016 17th Place, NE, Apartment #4 — though Andreen resides in Apartment #4, she owns the entire building and leases the remaining three apartments.  *See* Complaint at Introduction and at ¶¶ 3, 13 & 15.  Plaintiff alleges that Sergeants Haines, Parsons and Sloan as well as Officer Linville, Detective Delauder and Investigator Abdalla executed a search warrant based on a defective affidavit that Officer Linville prepared in reliance on either a confidential informant or an un-named MPD special agent's crack cocaine purchase at the building.  Complaint, at Introduction and at ¶¶ 18, 33, 37 & 48.  Plaintiff contends that the officers broke into and damaged Apartment #4, and also damaged the front door and frame (i.e., the one granting access to

the entire building). Complaint, at ¶¶ 20 – 23 & 31. Plaintiff, who avers that she is a legislative assistant for U.S. Senator Orrin Hatch and a community activist who works to maintain a drug-free neighborhood, communicated about the alleged wrongful search of her residence — both orally and in writing — with the following government officials: Lieutenant White, Office A. Contee, Mayor Adrian Fenty, Chief Cathy Lanier, Inspector Matthew Klein and Lieutenant Dean Welch. Complaint, at ¶¶ 14, 19, 53 – 57, 60 – 63, and 65 – 67. According to the Complaint, MPD investigated her complaint and published a report in which the Director of Internal Affairs explains that "the special agent may have provided false information" and "it is possible that the wrong apartment was searched based on erroneous information." Complaint, at ¶¶ 68 – 76.

Plaintiff argues that MPD violated her right against unreasonable searches and seizures guaranteed by the 4th Amendment to the U.S. Constitution and, thereby, violated the Civil Rights Act, 42. U.S.C. § 1983 (Counts I & II). Specifically, Plaintiff claims that the warrant was facially deficient because it did not specifically identify where the drug-buy occurred (i.e., in the hallway, in an apartment, at the front door entrance), identify the person who made the purchase (i.e., special employee or confidential informant), and what the observing officers witnessed during the purchase. Plaintiff also insists that officers conspired to violate her Constitutional rights (Count III) and, otherwise, conspired to cover-up the violation of her rights (Count IV). She also asserts an intentional tortious destruction of property claim (Count V), negligence (Count VI), respondeat superior (Count VII) and negligent training and supervision (Count VIII) claims against these Defendants. Plaintiff seeks $150,000 in compensatory damages, in addition to unspecified sums as punitive damages, attorney fees and costs. Further,

Plaintiff requests an apology from Chief Lanier and the other officers. *See* Complaint at § XIII(a) through (d).

### STANDARD OF REVIEW

**II.     STANDARD FOR MOTION TO DISMISS UNDER RULE 12(b)(6)**

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate when a moving party has failed to set forth a claim for which s/he is entitled to relief. The Supreme Court has held that the proper test for the sufficiency of a pleading is whether the claim the Complaint purports to set forth is "plausible." *See Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1966 (2007). The determination of whether a dismissal is proper must be made on the face of the pleadings alone. *See Telecommunications of Key West, Inc., v. United States,* 757 F.2d 1330, 1335 (D.C. Cir. 1985).

In order to survive a motion to dismiss, a plaintiff's complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 127 S.Ct. at 1964-65. "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 1966.

### ARGUMENT

**III.    PLAINTIFF'S OFFICIAL-CAPACITY LAWSUIT AGAINST DEFENDANT LANIER MUST BE DISMISSED.**

The lawsuit against Defendant Cathy Lanier, Chief of the District of Columbia Metropolitan Police Department ("MPD"), is an official capacity lawsuit. Government officials sued in their official capacities are not personally liable for damages. Instead, a plaintiff must look to the municipality. *See Atchinson v. District of Columbia,* 73 F.3d

418, 424 (D.C. 1996)( citing *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). Courts have routinely dismissed corresponding claims against individuals named in their official capacity as "redundant and an inefficient use of judicial resources." *Robinson v. District of Columbia,* 403 F. Supp. 2d 39, 49 (D.D.C. 2005). The U.S. Supreme Court has ruled upon the issue of official-capacity suits — holding that:

> official-capacity suits…"[g]enerally represent only another way of pleading an action against an entity of which an officer is an agent." As long as the government entity receives notice and an opportunity to respond, an official-capacity suit, is in all respects other than name, to be treated as a suit against the entity. …The real party in interest is the entity. Thus, …a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

*Kentucky v. Graham,* 473 U.S. 159 (1985); s*ee also, Fields v. District of Columbia Dep't of Corrections,* 789 F. Supp 20 (D.D.C. 1992).

Though Plaintiff claims to be suing Chief Lanier in both her "individual and official capacities," there are no allegations that Chief Lanier was directly involved in the search of Plaintiff's home. See Complaint at ¶ 4. Instead, in each count, Plaintiff avers that specific officers (other than Chief Lanier) engaged in specific acts that purportedly caused her harm. *See, e.g.* Complaint at ¶¶ 79, 86, 91, 99, 102 and 104. The lone count in which Chief Lanier is specifically mentioned is Plaintiff's Eighth Cause of Action for "negligent training and supervision." See Complaint at ¶¶ 106 – 110.[1] In this regard, Chief Lanier's presence would be duplicative as she is being sued in her official capacity only, and the District is already a party defendant. Moreover, an application of the

---

[1] Paragraph 95 of the Complaint does in fact suggest that Chief Lanier conspired with other MPD officers to cover-up the violation of Plaintiff's Fourth Amendment rights. However, for reasons explained in Section VI of this brief (*infra*), Plaintiff's conspiracy claims are barred by the intracorporate conspiracy doctrine.

established case law in the District clearly demonstrates that Plaintiff is not entitled to duplicative recovery and must look to the District for any requested relief.

In *Officer Linda Cooke-Seals v. District of Columbia*, 973 F. Supp. 184 (D.D.C. 1997), the Court stated that:

> A suit against an individual in her official capacity is one method of bringing suit against the employer and is distinct from an individual capacity suit. See *United States Equal Employment Opportunity Comm'n v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1280 n.4 (7th Cir. 1995); see also *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993) (suit against employee in official capacity operates as suit against employer). Where the suit has been filed against the employer (here the District of Columbia) and one or more employees, however, the claims against the employees merge with the claim against the employer. *Gary v. Long, supra*, 59 F.3d at 1399.

Because an official capacity suit against an individual is the functional equivalent of a suit against the employer, Plaintiff's claims against Chief Lanier are redundant and an inefficient use of judicial resources. See *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir. 1991). Therefore, dismissal of this case against Chief Lanier is appropriate.

**IV.    CHIEF LANIER IS ENTITLED TO QUALIFIED IMMUNITY**

Qualified immunity "is an immunity from suit rather than a mere defense to liability. . ."; thus, questions of immunity should be resolved "at the earliest possible stage of the litigation." See *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). After an assertion of qualified immunity, public officials are protected from suit if their official acts were "objectively reasonable" as assessed in light of the legal rules that were "clearly established" at the time of the alleged illegal action. See *Anderson v. Creighton,* 483 U.S. 635 (1987); *Siegert v. Gilley,* 500 U.S. 226, 232 (1991). Plaintiff must prove that the actor's conduct violated a constitutional right. *Saucier v. Katz,* 533 U.S. 194, 201 (2001).

If a right has in fact been violated, then the court must assess "…whether it would be clear [or foreseeable] to a reasonable officer that his/her conduct was unlawful in the situation he/she confronted." *Saucier,* 533 U.S. at 202; *also see, Pugh v. Rockwall County,* 2000 U.S. Dist. LEXIS 3081 (N.D. Tex. 2000). Officials can only be held liable in those instances when a plaintiff can prove that they were "deliberately indifferent" to a known risk of serious harm..

A police officer should prevail on the qualified immunity defense even if s/he is mistaken, if a reasonable officer could have believed that the action taken was not in violation of clearly established constitutional law. *Anderson*, 483 U.S. at 638. As noted by Justice Scalia, "it is inevitable that law enforcement officials will, in some cases, reasonably but mistakenly conclude that probable cause is present, and we have indicated that in such cases those officials – like other officials who act in ways they reasonably believe to be lawful – should not be held personally liable." *Id.* at 641. Qualified immunity thus protects all but the plainly incompetent or those who knowingly violate the law. A police officer therefore should prevail on a claim of qualified immunity if a reasonable police officer possessing the same information could have believed that his/her conduct was lawful. *District of Columbia v. Evans*, 644 A.2d l008, l0l5 (D.C. 1994).

Defendant Lanier is the Chief of the D.C. Metropolitan Police Department. *See* Complaint, at ¶ 4. In order to defend herself in this Court action, defendant Lanier **must** be placed on notice of the specific constitutional right she violated. While plaintiff names Chief Lanier as a party defendant, she does not specify what role she played in the search of Plaintiff's residence. *See* Complaint, generally. Other than make general averments with

respect to Chief Lanier's legal duties, Plaintiff has not averred what specific action Chief Lanier took or failed to take that violated her constitutional rights. *See* Complaint, generally.

No constitutional liability exists where the State actors "had no hand in creating a danger but [simply] 'stood by and did nothing when suspicious circumstances dictated a more active role for them.'" *See Reed v. Gardner*, 986 F.2d 1122, 1125 (7th Cir. 1993) (quoting *Kallstrom v. City of Columbia*, 136 F.3d 1055, 1066 (6th Cir. 1998); *Armijo v. Wagon Mound Pub. Schs.*, 159 F.3d 1253, 1262-63 (10th Cir. 1998); *Frances-Colon v. Ramirez*, 107 F.3d 62, 64 (1st Cir. 1997); *Estate of Stevens v. City of Green Bay*, 105 F.3d 1169, 1176-77 (7th Cir. 1997); *Johnson v. Dallas Indep. Sch. Distr.*, 38 F.3d 198, 201 (5th Cir. 1994); *Dwares v. City of New York*, 985 F.2d 94, 99 (2d Cir. 1993); *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992) (en banc); *L.W. v. Grubbs*, 974 F.2d 119, 121 (9th Cir. 1992). Because Plaintiff has not pled that Chief Lanier took affirmative steps which violated her constitutional rights, or was deliberately indifferent to a known problem with officers falsifying affidavits to obtain search warrants, or the existence of a persistent problem with officers acting on invalid search warrants, her claims fail as a matter of law.

V.   **PLAINTIFF HAS FAILED TO PLEAD A VIABLE CONSTITUTIONAL CLAIM AGAINST THE DISTRICT.**

Plaintiff seeks to hold the District liable under 42 U.S.C. § 1983, for the alleged constitutional misconduct committed by D.C. Metropolitan Police Department members. See Complaint, at ¶¶ 69-85. However, under § 1983, a municipality cannot be held liable under principles of *respondeat superior*. *See Triplett v. District of Columbia*, 108 F.3d 1450, 1453 (D.C. Cir. 1997), *citing Monell v. New York City Dept. of Social*

*Services*, 436 U.S. 658 (1978). Instead, the U.S. Supreme Court has identified a two-prong analysis when a § 1983 claim is asserted against a municipality: (1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the city is responsible for that violation. *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992). Under *Twombly,* Plaintiff must set forth facts to satisfy both prongs established by *Monell*. It is clear that Plaintiff has failed to do so.

Plaintiff's Complaint is devoid of any facts to support any claim that her injuries resulted from a District custom, practice or policy. *See* Complaint, generally. Section 1983 does not create any substantive rights, it merely provides remedies for deprivations of rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). Absent facts to support the District's liability under 42 U.S.C. § 1983, for Plaintiff's injuries, dismissal of the District is mandated.

## VI.    PLAINTIFF'S CONSPIRACY CLAIM IS BARRED BY THE INTRACORPORATE CONSPIRACY DOCTRINE.

The Complaint suggests that Defendants twice conspired against Plaintiff. The first alleged conspiracy (Count III) occurred when Officer Linville, Sergeant Haines, Sergeant Parsons, Sergeant Sloan, Detective Delauder and Investigator Abdalla conspired to violate Plaintiff's Fourth Amendment right against unreasonable searches and seizures. *See* Complaint at ¶ 91. The second alleged conspiracy (Count IV) occurred when the aforementioned officers conspired with "Lieutenant White, Lieutenant Dean White, Chief Cathy Lanier and other known officers conspired to cover-up the violation of Ms. Andreen's Fourth Amendment right" against unreasonable searches and seizures. *See* Complaint at ¶ 95. Both of Plaintiff's conspiracy claims are barred by the intracorporate conspiracy doctrine and, therefore, must be dismissed.

A civil conspiracy is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means. *Graves v. U.S.*, 961 F. Supp. 314, 320 (D.D.C. 1997), *reconsideration denied*, 967 F. Supp. 572. However, "a corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agents are the acts of the corporation." *Hilliard v. Fergusan*, 30 F.3d 649, 653 (5th Cir. 1994) (citation omitted). This general rule has been applied in cases involving the District and its agencies. *See Gladden v. Barry*, 558 F. Supp. 676 (D.D.C. 1983), and *Michelin v. Jenkins*, 704 F. Supp. 1 (D.D.C. 1989). In dismissing plaintiff's § 1985 claim in *Gladden*, for example, the court said that "the weight of authority holds that there can be no conspiracy if the conduct complained of is essentially a single act by a single entity." *Gladden*, *supra*, 558 F. Supp. at 679. Plaintiff has alleged a single act — a purportedly unreasonable search —by a single entity, the District of Columbia acting through its agents at the Metropolitan Police Department. Therefore, Plaintiff has failed to plead facts to support a conspiracy claim against these Defendants. Therefore, Count IV must be dismissed.

## VII.   THE COURT SHOULD NOT ASSERT SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S COMMON LAW CLAIMS.

This Court should not assert "supplemental jurisdiction" over the state claims since there are no viable federal law claims in Plaintiff's Complaint. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966). The factors to be considered by the court under the "supplemental jurisdiction doctrine" are a) judicial economy, b) convenience, c) fairness, and d) comity. *Carnegie-Mellon University v. Cohill,* 484 U.S. 343 (1988). It is a well founded principle that federal courts should avoid making needless decisions concerning state law in an effort to allow the state courts to make decisions on laws well within their expertise. In

*Gaubert v. Gray*, the Court dismissed the plaintiff's constitutional claims on the grounds of qualified immunity. 747 F. Supp. 40, 50 (D.C. Cir. 1990). Noting that "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right," the court also dismissed the plaintiff's four common law claims. *Id.* Citing the Supreme Court's decision in *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966), the District Court wrote:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a sure-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. *Gaubert*, 747 F. Supp. at 50.

In this case, Plaintiff's constitutional claims against these Defendants are barred under the *Monell* doctrine as against the District, and based on official-capacity and qualified immunity as against Defendant Lanier. *See Monell*, 436 U.S. at 694. Comity and justice mandates dismissal of Plaintiff's remaining common law claims, as this case is in its earliest stages of litigation, as all defendants have not been served, nor has discovery begun.

**WHEREFORE**, based on the foregoing, these Defendants respectfully request an Order dismissing with prejudice Plaintiff's Complaint against Police Chief Cathy Lanier and the District of Columbia.

    Respectfully Submitted,

    PETER J. NICKLES
    Interim Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Litigation Division

    _____/s/_____
    PATRICIA A. JONES [428132]
    Chief, General Litigation Sec. IV

        ___/s/ Dwayne C. Jefferson_____
DWAYNE C. JEFFERSON [980813]
Assistant Attorney General
One Judiciary Square
441 4th St., N.W., 6th Floor South
Washington, D.C. 20001
(202) 724-6649; (202) 727-6295; (202) 741-0554 fax
dwayne.jefferson@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LEOLA SMITH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No.: 08-0808 (ESH) |
| | : | |
| CATHY L. LANIER, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER

UPON CONSIDERATION of Defendants District of Columbia and Police Chief Cathy Lanier's Motion to Dismiss, the Memorandum of Points and Authorities in Support thereof, Plaintiff's opposition, if any, and the entire record herein, it is on this _____ day of _____ 2008, hereby:

ORDERED that the Motion to Dismiss is **GRANTED** such that all of Plaintiff's claims against Defendants Cathy Lanier and the District are **DISMISSED WITH PREJUDICE** for the reasons set forth in the motion.

_____
**HON. ELLEN S. HUVELLE**
Judge, U.S. District Court
For the District of Columbia