UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIANN ANDREEN<br><br>　　Plaintiff<br><br>　　v.<br><br>MPD CHIEF CATHY LANIER,<br>THE DISTRICT OF COLUMBIA,<br>*et al.*,<br><br>　　Defendants | Case No. 1:08–cv– 0810 – ESH<br><br>Judge Ellen Segal Huvelle<br><br><br>June 27, 2008 |

**PLAINTIFF JULIANN ANDREEN'S MOTION TO FILE
OPPOSITION TO MOTION TO DISMISS BY DISTRICT OF
COLUMBIA AND CHIEF CATHY LANIER ONE DAY LATE**

　　Plaintiff Juliann Andreen, through counsel, respectfully submits this motion to file her Opposition to the Motion to Dismiss by Defendants District of Columbia and Chief Cathy Lanier today, Friday, June 27, 2008.  The opposition was due Thursday, June 26, 2008.  Counsel inadvertently miscounted the days in which counsel had to respond.

　　Counsel for Ms. Andreen telephoned opposing counsel, Assistant Attorney General Dwayne C. Jefferson, today, Friday, June 27, 2008, concerning this motion.  Opposing counsel refused to consent to this motion.

　　The District of Columbia and Chief Cathy Lanier will not suffer prejudice if this Court grants the motion.  The opposition is finished and is attached to this motion.  If need be, counsel for Ms. Andreen will consent to a one-day extension for Defendants to file their reply to the opposition.

-1-

A proposed order also accompanies this motion.

In light of the above, this Court should grant this motion to file the opposition one day late.

Respectfully submitted,

June 27, 2008                               */s/   Lynn I. Miller*
                                            Lynn I. Miller, #941559


June 27, 2008                               */s/   James R. Klimaski*
                                            James R. Klimaski, #243543
                                            Klimaski & Associates, P.C.
                                            1625 Massachusetts Avenue NW – Suite 500
                                            Washington, DC  20036-2245
                                            202-296-5600
                                            Miller@Klimaskilaw.com
                                            Klimaski@Klimaskilaw.com

                                            ***Attorneys for Juliann Andreen***

## Certificate of Service

I certify that the foregoing ***Plaintiff Juliann Andreen's Motion to file Opposition to Motion to Dismiss by District of Columbia and Chief Cathy Lanier One Day Late*** will be served to the following counsel for Defendants in this case by the Court's CM/ECF system after proper filing of an Adobe PDF version of this item on the Court's secure website on June 27, 2008:

DWAYNE C. JEFFERSON
Assistant Attorney General
Office of the D.C. Attorney General
441 4th Street NW
6th Floor South
Washington, D.C. 20001
(202) 741-0554 fax
dwayne.jefferson@dc.gov

                                    */s/ Jon Pinkus*
                                    Jon Pinkus
                                    Klimaski and Associates, PC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIANN ANDREEN<br><br>    Plaintiff<br><br>    v.<br><br>MPD CHIEF CATHY LANIER,<br>THE DISTRICT OF COLUMBIA,<br>*et al.*,<br><br>    Defendants | Case No. 1:08–cv– 0810 –ESH<br><br>Judge Ellen Segal Huvelle<br><br>June 27, 2008 |

PLAINTIFF JULIANN ANDREEN'S OPPOSITION TO
THE MOTION TO DISMISS OF DEFENDANTS
DISTRICT OF COLUMBIA AND POLICE CHIEF CATHY L. LANIER

Plaintiff Juliann Andreen, through counsel, respectfully files this opposition to the motion to dismiss of Defendants District of Columbia and Police Chief Cathy L. Lanier. This Court should deny the motion concerning the following issues: [1]

    1. The Defendants' defense of qualified immunity for Chief Lanier concerning the conspiracy to cover up the illegal and unconstitutional search.

    2. The Defendants' claim that Ms. Andreen does not set forth sufficient facts to support the District's custom, policy or practice of failure to train and instruct officers concerning underlying affidavits and search warrants.

    3. The Defendants' defense that intracorporate conspiracy doctrine applies to a § 1983 conspiracy claim.

    4. The Defendants' argument that the Court should dismiss the common law claims.

---

[1] Ms. Andreen will dismiss Chief Lanier in her official capacity and as to the failure to train claim and the respondeat superior claim against the District of Columbia.

## I. STATEMENT OF FACTS.

On June 11, 2007, at approximately 5:10 PM, Officer Linville, Sergeant Haines, Sergeant Parsons, Sergeant Sloan, Detective Delauder, Investigator Abdalla and other unknown officers executed a search warrant based on a defective underlying affidavit on Ms. Andreen's apartment at 1016 17th Place, NE. The officers were searching for drugs.

In carrying out the search, the officers knocked a hole in the front door to the building, damaged the door frame and broke both locks. The officers also knocked holes in the apartment door, damaged the door frame and both locks to enter Ms. Andreen's residence, Apartment #4.

At the time, Ms. Andreen was active in the local community and worked with neighbors to keep the neighborhood safe and drug free. Ms. Andreen is a legislative assistant for United States Senator Orrin Hatch. Ms. Andreen owns 1016 17th Place NE property. She bought the property over four years ago and has maintained the upkeep of her property. There are four apartment units at 1016 17th Place NE, including Ms. Andreen's.

After the search, the officers attempted to secure Ms. Andreen's apartment door from the inside because the damaged lock no longer closed from the outside. When the officers left Ms. Andreen's apartment by the back entrance, the front apartment door was not safely secured. The officers also left without securing the front door, again using a back entrance.

Lastly, when the police exited the premises through a secured back gate at the back of the property, they neglected to properly close that gate.

Ms. Andreen had no idea the police had searched her apartment for drugs and was confused about the reason for the search and for the suspicion of drugs being sold from her apartment.

Ms. Andreen spoke with Sergeant Haines that evening, June 11, 2007, about the reason for the search of the apartment and the officers' damage to it. Over the next few months, Ms. Andreen spoke with Chief Lanier, Mayor Adrian Fenty and other MPD officers concerning the search and lack of specificity in the affidavit accompanying the warrant. As time passed, Ms. Andreen received different answers about the search from various officers.

Dissatisfied with the way that Chief Lanier and MPD officers handled the matter, Ms. Andreen filed this action on May 9, 2008.

## II.  STANDARD FOR A MOTION TO DISMISS UNDER RULE 12(b)(6).

The requirements for a complaint are well-established. As the District of Columbia Circuit explained in Aktieselskabet AF 21. November 2001 v. Fame Jeans, Inc., 525 F.3d 8, 15 (D.C. Cir. 2008), explained:

> Ordinarily, a sufficient complaint "contain[s] a short and plain statement of the claim showing that the pleader is entitled to relief," enough to give a defendant "fair notice of the claims against him."

Moreover, in deciding a Rule 12(b)(6) motion, the court:

> ... "constru[es] the complaint liberally in the plaintiff's favor, "[a]ccepting as true all of the factual allegations contained in the complaint ... with the benefit of all reasonable inferences derived from the facts alleged ...."

Id. (Citations omitted).

Defendants cite <u>Bell Atlantic v. Twombly</u>, 127 S.C. 1955, 1966 (2007), for the proposition that the proper test for the sufficiency of a pleading under Fed. R. Civ. Pro. 12(b)(6) is whether the claim is "plausible." (Def. Mem. at 5).[2]

This interpretation of <u>Twombly</u>, however, is erroneous. <u>Aktieselskabet</u> specifically addressed this "plausibility test" interpretation. As the court there explained:

> ... the district court interpreted *Twombly* as establishing a new threshold for complaints; enough facts to "clarify the grounds" on which each claims rests and "nudge[] their claims across the line from conceivable to plausible." ... Many courts have disagreed about the import of *Twombly*. We conclude that *Twombly* leaves the long-standing fundamentals of notice pleading intact.

525 F.3d at 15.

<u>Aktieselskabet</u> further noted that <u>Twombly</u> upheld the pleading standard of Rule 8 — that the Complaint simply provide notice of the case's general nature and the circumstances or events upon which the claim is based. <u>Id</u>. at 16. Therefore, said <u>Aktieselskabet</u>, a specific quantity of facts was not required, but only:

> "a short and plain statement of the claim showing that the pleader is entitled to relief."

<u>Id</u>.

Concerning the lower courts' imposition of 'various requirements of particularity" as to complaints, <u>Aktieselskabet</u> stated:

> The Supreme Court has continually pruned back such requirements, with the admonition that we are not to impose heightened pleading requirements. ... After decades of consistency, we will not lightly assume the Supreme Court intended to tighten pleading standards.

---

[2] Defendants did not paginate the pages. The reference is to the electronic pagination.

<u>Id</u>.

About the "heightened pleading standard in <u>Twombly</u>, the <u>Aktieselskabet</u> court concludes:

> In sum, *Twombly* was concerned with the plausibility of an inference of conspiracy, not with the plausibility of a claim. A court deciding a motion to dismiss must not make any judgment about the probability of the plaintiff's success, bor a complaint "may proceed even if it appears 'that a recovery is very remote and unlikely,'" ... a complaint "may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations .... " Further, the court must assume "all the allegations in the complaint are true (even if doubtful in fact)" ... and the court must give the plaintiff "the benefit of all reasonable inferences derived from the facts alleged." ...

<u>Id</u>. at 17. (Citations omitted).

Using the correct interpretation of <u>Twombly</u>, this Court should deny Defendants' motion to dismiss.

### III.  ARGUMENT.

#### A.  Chief Lanier Is Not Entitled to Qualified Immunity on the § 1983 Conspiracy to Cover-up the Illegal Search.

Defendants claim that Chief Lanier is entitled to qualified immunity.[3] However, qualified immunity does not apply to Chief Lanier for her part in the conspiracy to cover-up the illegal and unconstitutional search of Ms. Andreen's apartment.

<u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001), states the test for qualified immunity for a public official. The initial inquiry is:

---

[3] As stated previously, Ms. Andreen is dismissing the lack of training claim against Chief Lanier. Therefore, Ms. Andreen will not discuss this claim.

> Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?
>
> ***
>
> ... if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established ....

The answers to both questions in Ms. Andreen's case is "yes." The Complaint expressly alleges that Chief Lanier violated a constitutional right and that the right was clearly established.

> 62. On September 11, 2007, Ms. Andreen received an email from Chief Lanier assuring her that she had a "policy of transparency" and will ask the Director of Internal Affairs about the investigation.
>
> 63. According to Chief Lanier, Inspector Matthew Klein was looking into the investigation.
>
> 64. Ms. Andreen met with Lieutenant Dean Welch the week of September 30, 2007, concerning the investigation.
>
> 65. On Thursday, October 25, 2007, Chief Lanier emailed Ms. Andreen concerning the result of investigation. Chief Lanier told her that the search of her apartment was in accord with MPD procedures, including the affidavit and request for a warrant based on the affidavit.
>
> 66. Ms. Andreen was finally permitted to pick up a copy of the investigation on November 13, 2007.
>
> 67. In an undated memorandum, the Director of the Internal Affairs Divisions acknowledged that the Special Employee may have provided false information.
>
> ***
>
> 70. In the investigation report, there is not statement from or evidence that Officer Linville, the Officer that wrote the affidavit, was interviewed concerning requesting and subsequently executing the search warrant.

(Andreen Complaint as noted).

The cover-up conspiracy allegations then stated:

> 88. Sergeant Haines, Sergeant Parsons, Sergeant Sloan, Detective Delauder, Investigator Abdalla, Lieutenant White, Lieutenant Dean White, **Chief Cathy Lanier** and other [un]known officers conspired to cover-up the violation of Ms. Andreen's Fourth Amendment right to be secure in her house, papers and effects and free from unreasonable search in violation of 42 U.S.C. § 1983.
>
> 89. The officers intentionally, by their actions and common design, unlawfully conspired, on or after June 11, 2007, to cover-up the violation fo Ms. Andreen's right to be secure in her house, papers and effects and free from unreasonable search.
>
> 90. The officers intentionally gave different accounts on each occasion of the special employee's drug purchase, what occurred when they executed the warrant, delayed conducting a full investigation of the incident, provided cut-and-paste statements in the investigation, and attempted to ignore Ms. Andreen's complaint until Mayor Fenty became involved.

Id. (Emphasis added).

Moreover, a reasonable police officer possessing the same information as did Chief Lanier could not have believed that his conduct concerning the cover-up was lawful. See District of Columbia v. Evans, 644 A.2d 1008, 1015 (D.C. App. 1994).

By its very nature a cover-up is unlawful. Therefore, no reasonable police officer could think that such conduct was appropriate.

Defendants cite cases for the proposition that no constitutional liability exists when state actors do not create the danger, but simply stand by and do nothing when "suspicious circumstances dictated a more active role for them." (Def. Mem. at 13).

This argument is irrelevant because Ms. Andreen is not claiming that Chief Lanier failed to take any action, but took affirmative steps to cover-up the illegal search.

The above quotations from the Complaint meet the pleading standard in <u>Twombly</u> and <u>Aktieselskabet</u>. Therefore, this Court should not find that Chief Lanier has qualified immunity concerning the conspiracy to cover-up the illegal search.

### B. Ms. Andreen Sets Forth Sufficient Facts to Support The District's Custom, Policy or Practice of Failure to Train and Instruct Its Officers Concerning Underlying Affidavits, Search Warrants and Executing Search Warrants.[4]

Defendants contend that Ms. Andreen did not set forth sufficient facts to establish that the District of Columbia is liable under 42 U.S.C. § 1983 for inadequacy of police training as to preparing an affidavit in support of a search warrant, swearing out the search warrant and then executing the warrant.. Dismissal would be improper because Ms. Andreen has provided sufficient facts in her Complaint.

In <u>Maniaci v. Georgetown University</u>, 510 F. Supp. 2d 50, 61(D.D.C. 2007), this Court held:

> [A]t the pleading stage, only an allegation of the existence of a policy, practice, or custom and its causal link to the constitutional deprivation is required.

Ms. Andreen has made this allegation, claiming:

> 100. On or before June 7, 2007, the District of Columbia and MPD Chief Lanier were under the duty to properly educate MPD officers concerning the rights of residents under the U.S. Constitution and District of Columbia laws, including writing an affidavit and obtaining a search warrant, train, supervise, investigate and correct improper actions of MPD officers.

---

[4] As Ms. Andreen explained in her footnote 1 above, she will dismiss the respondeat superior claim against the District of Columbia. Therefore, Ms. Andreen will not discuss this claim in this argument.

> 101. The District of Columbia and MPD Chief Lanier, reckless and without regard for the rights of others, breached their duty to properly educate, train, supervise, investigate and correct improper actions of employee MPD officers.
>
> 102. The District of Columbia and MPD Chief Lanier's failure to properly educate, train, supervise, investigate and correct improper actions of employee MPD officers was the direct and proximate cause of the damages Ms. Andreen sustained.
>
> 103. As a result of the District of Columbia and Chief Lanier's failure to act, Ms. Andreen's Fourth Amendment right to be protected against unreasonable searches and seizures when the officers entered her home on an invalid warrant and intentionally destroyed her property [was violated].

(Andreen Complaint as noted).

Ms. Andreen also alleged, in detail, the actions of the police officers:

> 12. On June 11, 2007, at approximately 5:10 PM, Officer Linville, Sergeant Haines, Sergeant Parsons, Sergeant Sloan, Detective Delauder, Investigator Abdalla and other unknown officers executed a warrant based on a flawed affidavit on Ms. Andreen's home.
>
> ***
>
> 14. The officers broke down the front door and knocked the door off the hinges.
>
> 15. The officers rammed in the apartment door to enter Ms. Andreen's home.
>
> 16. The officers left 1016 17th Place, NE, without securing the front door.
>
> 17. The officers attempted to secure the apartment door from inside her apartment because it was too damaged to properly close from the outside.
>
> ***
>
> 28. The warrant did not include that Ms. Andreen owned 1016 17th Place, NE.

>29. The warrant did not include that Ms. Andreen resided in Apartment #4.
>
>30. The affidavit states that a Special Employee purchased crack cocaine from an unknown male inside Apartment #4.
>
>31. The affidavit does not include the race or physical description of the unknown make that sold the drugs.

Id.

This case falls squarely within Barnhardt v. District of Columbia, No. 97-0624, 2008 U.S. Dist. LEXIS 44355, at **8-10 (D.D.C. June 9, 2008), in which this Court denied a motion to dismiss a § 1983 claim based on failure to train. The Defendants in Barnhardt claimed that dismissal was appropriate because the allegation on training and supervision was "vague and unsupported." Id. at *8.

This Court disagreed, pointing out that the complaint "includes detailed factual allegations regarding the conduct of [the police officers]. Id. The plaintiff claimed that the officers arrested him, partially stripped him, threw a bag into his vehicle and then searched his vehicle. The bag contained drugs, which the officers claimed were the plaintiff's. Id. at **2-4. The Court also stated that it was in error to read the failure to train paragraph "in isolation" from the allegations specifying the officers' actions against the plaintiff. Id.

The Court stated:

>Plaintiff's allegation that the District of Columbia "knowingly or negligently failed to instruct, supervise, control and discipline [the officers] in the performance of their duties," creating an "environment in which [the officers] were permitted to conspire and falsely arrest Plaintiff for their personal motives" is adequate to survive defendants' motion to dismiss at this stage of the proceedings, prior to discovery.

Id. at **9-10.

Since Ms. Andreen's complaint includes specific allegations of the officers' misconduct in addition to the allegations of the failure to train, this Court should deny defendants' motion to dismiss this claim.

### C. The Intracorporate Conspiracy Doctrine Does Not Apply to the Police Officers' § 1983 Conspiracy.

Defendants contend that the intracorporate conspiracy doctrine bars the police officer conspiracy Ms. Andreen alleged in her Complaint and ask the Court to dismiss these claims.

Dismissal, however, would be improper. This Court made clear in <u>Kivanc v. Chief Charles Ramsey</u>, 407 F.Supp.2d 270, 276 (D.D.C. 2006), that the intracorporate conspiracy doctrine does not protect defendant police officers from "conspiracy claims brought under Section 1983 based on police misconduct."

The conspiracy claims in the Complaint focused on the police officers:

> 84. Officer Linville, Sergeant Haines, Sergeant Parsons, Sergeant Sloan, Detective Delauder, Investigator Abdalla conspire to violate Ms. Andreen's Fourth Amendment right to be secure in her house, papers and effects and free from unreasonable search when they executed a search warrant on her home that was based on a deficient affidavit in violation of 42 U.S.C. § 1983.
>
> 85. The officers intentionally, by their actions and common design, unlawfully conspired, on or before June 11, 2007, to enter Ms. Andreen's house and apartment using a warrant based on a defective affidavit and destroyed two doors.
>
> 86. The officers' conspiracy to enter Ms. Andreen's home and destroy her home and effects was unreasonable.

(Andreen Complaint as noted).

and, further:

> 88. Sergeant Haines, Sergeant Parsons, Sergeant Sloan, Detective Delauder, Investigator Abdalla, Lieutenant White, Lieutenant Dean White, Chief Cathy Lanier and other [un]known officers conspired to cover-up the violation of Ms. Andreen's Fourth Amendment right to be secure in her house, papers and effects and free from unreasonable search in violation of 42 U.S.C. § 1983.
>
> 89. The officers intentionally, by their actions and common design, unlawfully conspired, on or after June 11, 2007, to cover-up the violation of Ms. Andreen's right to be secure in her house, papers and effects and free from unreasonable search.
>
> 90. The officers intentionally gave different accounts on each occasion of the special employee's drug purchase, what occurred when they executed the warrant, delayed conducting a full investigation of the incident, provided cut-and-past statements in the investigation, and attempted to ignore Ms. Andreen's complaints until Mayor Fenty became involved.

The above allegations establish that Ms. Andreen was complaining of unlawful conspiracies to commit unlawful acts — the search and the cover-up of the search. Neither of these unlawful actions fall within routine police department decision-making.

This case falls squarely within <u>Kivanc</u>. There, the plaintiff brought a conspiracy claim against a group of District of Columbia police officers who assaulted and battered him and then attempted to cover-up the assault and battery with a false police report. 407 F. Supp.2d at 275. Defendants claimed that:

> ... the "intracorporate conspiracy doctrine" prevents plaintiff from perusing his conspiracy claim, arguing that "a corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation."

<u>Id</u>.

This Court in <u>Kivanc</u> rejected the intracorporate conspiracy doctrine defense. This Court stated that:

> The intracorporate conspiracy doctrine was created "to shield corporations and their employees from conspiracy liability for routine, collaborative business decisions that are later alleged to be discriminatory and there has been held by most courts not to shield defendants from conspiracy claims brought under Section 1983 based on police misconduct.

Id. at 275-76, *citing*, Newsome v. James, 2000 U.S.Dist. LEXIS 5678, at *46 (N.D. Ill. 2000).

The Kivanc Court explained that in Newsome, the police officers' decisions were "not the product of routine police department decision-making," and therefore "the conduct plaintiff challenges here does not fit the mold" of the intracorporate conspiracy doctrine cases. Id. at 276.

Kivanc concluded that:

> The Court declines the defendants' invitation to adopt a categorical policy that it is legally impossible for one police officer to conspire with another to deprive an individual of his rights under section 1983.

Id.

This conclusion applies to Ms. Andreen's case. Further, if the Court determines that there is a factual question as to the "routine" nature of either the search or the cover-up, discovery is necessary answer this question. It is too early to dismiss the conspiracy claims based on the intracorporate conspiracy doctrine.

Given Kivanc, Defendants' authority is inapplicable. Both Michelin v. Jenkins, 704 F.Supp. 1 (D.D.C. 1989) and Gladden v. Barry, 558 F.Supp. 676 (D.D.C. 1983) involved conspiracy claims under 42 U.S.C. § 1985, not § 1983, as here.

As this Court stated in Tabb v. District of Columbia, 477 F.Supp.2d 185, 190 (D.D.C. 2007) and Tafler v. District of Columbia, No. 05-1563, 2006 U.S. Dist. LEXIS 81714, at *29 (D.D.C. Nov. 8, 2006):

> Federal district courts in the District of Columbia, however, consistently have applied the intracorporate conspiracy doctrine to Section 1985.

Both Tabb and Tafler, however, acknowledged Kivanc's refusal to "adopt a categorical policy" that it is legally impossible for police officers to conspire to deprive an individual's § 1983 rights.  477 F.Supp. at 190 fn 2; 2006 U.S. Dist. LEXIS 81714, at *30 fn. 5.

This Court should therefore deny dismissal of the two § 1983 conspiracy claims on the basis of the intracorporate conspiracy doctrine.

### D.  Defendants' Argument that the Court Should Dismiss Supplemental Jurisdiction Over Ms. Andreen's Common Law Claims Is Premature.

Defendants' sole basis for dismissal of supplemental jurisdiction over Ms. Andreen's common law claims is the presumption that this Court will dismiss the claims against the District of Columbia and Police Chief Lanier.  (Def. Mem. at 11).  Moreover, only after discussing case law on supplemental jurisdiction do Defendants admit that "all defendants have not been served ...."  Id. at 12.

The unserved defendants are the police officers.  Ms. Andreen has not served them because neither the Attorney General's office nor the police department will make the officers available for service.  Ms. Andreen's counsel is in the process of serving the officers at their homes.

The time for service of the police officers has not run out.  According to Fed. R. Civ. Pro. 4(m), the plaintiff has 120 days from the time of filing the complaint to serve defendants.  Ms. Andreen filed her Complaint on May 9, 2008.  Therefore, she has sufficient time to serve the police officers.

Dismissing supplemental jurisdiction over Ms. Andreen's common law claims prior to service on the officers is premature.  The Court should deny Defendants' request.

## CONCLUSION

In light of the above, this Court should deny the motion to dismiss by Defendants District of Columbia and Chief Lanier concerning qualified immunity for Chief Lanier on the conspiracy to cover-up the illegal search, the custom, practice or pattern by the District of Columbia concerning failure to train, the intracorporate conspiracy doctrine concerning the § 1983 conspiracy claims and the supplemental jurisdiction over the common law claims.

Respectfully submitted,

June 27, 2008                     /s/  *Lynn I. Miller*
                                  Lynn I. Miller, #941559


June 27, 2008                     /s/  *James R. Klimaski*
                                  James R. Klimaski, #243543
                                  Klimaski & Associates, P.C.
                                  1625 Massachusetts Avenue NW – Suite 500
                                  Washington, DC  20036-2245
                                  202-296-5600
                                  Miller@Klimaskilaw.com
                                  Klimaski@Klimaskilaw.com

                                  ***Attorneys for Juliann Andreen***

### Certificate of Service

I certify that the foregoing ***Plaintiff Juliann Andreen's Opposition to the Motion to Dismiss of Defendants District of Columbia and Police Chief Cathy Lanier*** will be served to the following counsel for Defendants in this case by the Court's CM/ECF system after proper filing of an Adobe PDF version of this item on the Court's secure website on June 27, 2008:

DWAYNE C. JEFFERSON
Assistant Attorney General
Office of the D.C. Attorney General
441 4th Street NW
6th Floor South
Washington, D.C. 20001
(202) 741-0554 fax
dwayne.jefferson@dc.gov

                                                    */s/ Jon Pinkus*
                                                  Jon Pinkus
                                                  Klimaski and Associates, PC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JULIANN ANDREEN**<br><br>   **Plaintiff**<br><br>   v.<br><br>**MPD CHIEF CATHY LANIER,**<br>**THE DISTRICT OF COLUMBIA,**<br>*et al.,*<br><br>   **Defendants** | Case No. 1:08–cv– 0810 –ESH<br><br>Judge Ellen Segal Huvelle |

**ORDER**

In light of Plaintiff's June 27, 2008, request to file her Opposition to Defendant District of Columbia and Police Chief Cathy Lanier's Motion to Dismiss which was filed on June 12, 2008, and any opposition and replies thereto, it is hereby

**ORDERED** that the motion is granted, and the Opposition, lodged as an attachment to the motion, shall be considered timely filed on June 27, 2008.

**SO ORDERED.**

_____                                  _____
Date                                                                         Ellen Segal Huvelle
                                                                                    United States District Judge

Copies to Counsel
via the Court's CM/ECF System.