UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JULIANN ANDREEN, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No.: 08-0810 (ESH) |
| CATHY L. LANIER, *et al.*, | : | |
| Defendants. | : | |

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT ON BEHALF OF CURTIS R. SLOAN AND EARL DELAUDER**

Defendants Curtis R. Sloan and Earl Delauder, by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully move this Honorable Court for an order:

1. Dismissing Plaintiff's Complaint against these Defendants because they are entitled to the defense of qualified immunity.

2. Dismissing Count IV of the Complaint because Plaintiff's conspiracy claim is barred by the intracorporate conspiracy doctrine and, therefore, must be dismissed.

3. Refusing to exercise supplemental jurisdiction over Plaintiff's common law claims.

A Memorandum of Points and Authorities in support of this Motion, along with a proposed Order, is attached hereto and incorporated herein by reference. Because this is a dispositive motion, Defendants are not required to confer with other parties per LCvR 7(m).

Respectfully Submitted,

PETER J. NICKLES
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

___________/s/________________
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

___/s/ Dwayne C. Jefferson__________
DWAYNE C. JEFFERSON [980813]
Assistant Attorney General
One Judiciary Square
441 4th St., N.W., 6th Floor South
Washington, D.C. 20001
(202) 724-6649; (202) 727-6295; (202) 741-0554 fax
dwayne.jefferson@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JULIANN ANDREEN, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No.: 08-0810 (ESH) |
| CATHY L. LANIER, *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM AND POINTS OF AUTHORITIES SUPPORTING**
**DEFENDANTS' MOTION TO DISMISS**

In support of their dispositive motion, Defendants Sloan and Delauder herein submit their memorandum of points and authorities.

**I. STATEMENT OF FACTS**

This case stems from a June 11, 2007, (5:10 p.m.), alleged search of Plaintiff Juliann Andreen's home at 1016 17th Place, NE, Apartment #4 — though Andreen resides in Apartment #4, she owns the entire building and leases the remaining three apartments. *See* Complaint at Introduction and at ¶¶ 3, 13 & 15. Plaintiff alleges that Sergeants Haines, Parsons and Sloan as well as Officer Linville, Detective Delauder and Investigator Abdalla executed a search warrant based on a defective affidavit that Officer Linville prepared in reliance on either a confidential informant or an un-named MPD special agent's crack cocaine purchase at the building. *See* Complaint at Introduction and at ¶¶ 18, 33, 37 & 48. Plaintiff contends that the officers broke into and damaged Apartment #4, and also damaged the front door and frame (i.e., the one granting access to the entire building). *See* Complaint at ¶¶ 20 – 23 and 31. Plaintiff, who avers that she is a legislative assistant for U.S. Senator Orrin Hatch and a community activist who works

to maintain a drug-free neighborhood, communicated about the alleged wrongful search of her residence — both orally and in writing — with the following government officials: Lieutenant White, Office A. Contee, Mayor Adrian Fenty, Chief Cathy Lanier, Inspector Matthew Klein and Lieutenant Dean Welch. *See* Complaint at ¶¶ 14, 19, 53 – 57, 60 – 63, and 65 – 67. According to the Complaint, MPD investigated her complaint and published a report in which the Director of Internal Affairs explains that "the special agent may have provided false information" and "it is possible that the wrong apartment was searched based on erroneous information." *See* Complaint at ¶¶ 68 – 76.

Plaintiff argues that MPD violated her right against unreasonable searches and seizures guaranteed by the 4th Amendment to the U.S. Constitution and, thereby, violated the Civil Rights Act, 42. U.S.C. § 1983 (Counts I & II). Specifically, Plaintiff claims that the warrant was facially deficient because it did not specifically identify where the drug-buy occurred (i.e., in the hallway, in an apartment, at the front door entrance), identify the person who made the purchase (i.e., special employee or confidential informant), and what the observing officers witnessed during the purchase. Plaintiff also insists that officers conspired to violate her Constitutional rights (Count III) and, otherwise, conspired to cover-up the violation of her rights (Count IV). She also asserts an intentional tortious destruction of property claim (Count V), negligence (Count VI), respondeat superior (Count VII) and negligent training and supervision (Count VIII) claims against these Defendants. Plaintiff seeks $150,000 in compensatory damages, in addition to unspecified sums as punitive damages, attorney fees and costs. Further, Plaintiff requests an apology from Chief Lanier and the other officers. *See* Complaint at § XIII(a) through (d).

## STANDARD OF REVIEW

## II. STANDARD FOR MOTION TO DISMISS UNDER RULE 12(b)(6)

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate when a moving party has failed to set forth a claim for which s/he is entitled to relief. The Supreme Court has held that the proper test for the sufficiency of a pleading is whether the claim the Complaint purports to set forth is "plausible." *See Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1966 (2007). The determination of whether a dismissal is proper must be made on the face of the pleadings alone. *See Telecommunications of Key West, Inc., v. United States,* 757 F.2d 1330, 1335 (D.C. Cir. 1985).

In order to survive a motion to dismiss, a plaintiff's complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 127 S.Ct. at 1964-65. "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 1966.

## ARGUMENT

## III. DEFENDANTS SLOAN AND DELAUDER ARE ENTITLED TO QUALIFIED IMMUNITY

Qualified immunity "is an immunity from suit rather than a mere defense to liability. . ."; thus, questions of immunity should be resolved "at the earliest possible stage of the litigation." *See Hunter v. Bryant,* 502 U.S. 224, 227 (1991). After an assertion of qualified immunity, public officials are protected from suit if their official acts were "objectively reasonable" as assessed in light of the legal rules that were "clearly established" at the time of the alleged illegal action. *See Anderson v. Creighton,* 483 U.S.

635 (1987); *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). Plaintiff must prove that the actor's conduct violated a constitutional right. *Saucier v. Katz,* 533 U.S. 194, 201 (2001). If a right has in fact been violated, then the court must assess "…whether it would be clear [or foreseeable] to a reasonable officer that his/her conduct was unlawful in the situation he/she confronted." *Saucier*, 533 U.S. at 202; *also see, Pugh v. Rockwall County*, 2000 U.S. Dist. LEXIS 3081 (N.D. Tex. 2000). Officials can only be held liable in those instances when a plaintiff can prove that they were "deliberately indifferent" to a known risk of serious harm.

A police officer should prevail on the qualified immunity defense even if s/he is mistaken, if a reasonable officer could have believed that the action taken was not in violation of clearly established constitutional law. *Anderson*, 483 U.S. at 638. As noted by Justice Scalia, "it is inevitable that law enforcement officials will, in some cases, reasonably but mistakenly conclude that probable cause is present, and we have indicated that in such cases those officials – like other officials who act in ways they reasonably believe to be lawful – should not be held personally liable." *Id.* at 641. Qualified immunity thus protects all but the plainly incompetent or those who knowingly violate the law. A police officer therefore should prevail on a claim of qualified immunity if a reasonable police officer possessing the same information could have believed that his/her conduct was lawful. *District of Columbia v. Evans*, 644 A.2d l008, l0l5 (D.C. 1994).

In this case, Plaintiff seeks to hold these Defendants liable because they purportedly broke into and damaged Apartment #4, and also damaged the front door and frame (*i.e.*, the one granting access to the entire building). *See* Complaint at ¶¶ 20 – 23

and 31. While Plaintiff avers that Defendant Linville deliberately and/or recklessly prepared a false affidavit, she admits that the search was pursuant to a warrant, and fails to plead sufficient facts to support that Defendant Linville knew or should have known that the information he obtained from a confidential information was unreliable. *See* Complaint, generally.

According to the facts pled in the Complaint, the affidavit described the property as 1016 17th Place, NE. Plaintiff does not dispute whether the address is correct. Instead, she claims that the affidavit, "did not name Ms. Andreen;" "did not specify that Ms. Andreen owned 1016 17th Place, NE;" and "did not specify that Ms. Andreen resided in Apartment #4 at that address." *See* Complaint at ¶¶ 17 and 35 – 36. Additionally, Plaintiff avers that — while the affidavit states that a confidential informant apprised Defendant Linville that illegal drug activity had occurred on the premises of 1016 17th Place, NE — it did not specify the race or physical description of the unknown male who allegedly sold drugs inside Apartment #4. *See* Complaint at ¶ 38.

These Defendants are protected by the doctrine of qualified immunity for their complained about actions. Pursuant to a search warrant that was issued, they sought to search the property listed on the search warrant for items identified on the warrant. *See* Complaint, generally. Plaintiff has not pled any facts to show that these Defendants knew or should have known that their actions violated her constitutional rights. *See* Complaint, generally. A reasonable police officer facing the same circumstances as these Defendant officers would have believed that their conduct was lawful. Accordingly, dismissal of this lawsuit against these Defendants is appropriate.

## IV. PLAINTIFF'S CONSPIRACY CLAIM IS BARRED BY THE INTRACORPORATE CONSPIRACY DOCTRINE

The Complaint suggests that Defendants twice conspired against Plaintiff. The first alleged conspiracy (Count III) occurred when Officer Linville, Sergeant Haines, Sergeant Parsons, Sergeant Sloan, Detective Delauder and Investigator Abdalla conspired to violate Plaintiff's Fourth Amendment right against unreasonable searches and seizures. *See* Complaint at ¶¶ 90 – 93. The second alleged conspiracy (Count IV) occurred when the aforementioned officers conspired with "Lieutenant White, Lieutenant Dean White, Chief Cathy Lanier and other known officers conspired to cover-up the violation of Ms. Andreen's Fourth Amendment right" against unreasonable searches and seizures. *See* Complaint at ¶¶ 94 – 97. Plaintiff's conspiracy claims are barred by the intracorporate conspiracy doctrine and, therefore, must be dismissed.

A civil conspiracy is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means. *Graves v. U.S.*, 961 F. Supp. 314, 320 (D.D.C. 1997), *reconsideration denied*, 967 F. Supp. 572. However, "a corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agents are the acts of the corporation." *Hilliard v. Fergusan*, 30 F.3d 649, 653 (5th Cir. 1994) (citation omitted). This general rule has been applied in cases involving the District and its agencies. *See Gladden v. Barry*, 558 F. Supp. 676 (D.D.C. 1983), and *Michelin v. Jenkins*, 704 F. Supp. 1 (D.D.C. 1989). In dismissing plaintiff's § 1985 claim in *Gladden*, for example, the court said that "the weight of authority holds that there can be no conspiracy if the conduct complained of is essentially a single act by a single entity." *Gladden*, *supra*, 558 F. Supp. at 679. Plaintiff has alleged a single act — a purportedly unreasonable search —by a single

entity, the District of Columbia acting through its agents at the Metropolitan Police Department. Therefore, Plaintiff has failed to plead facts to support a conspiracy claim against these Defendants. Therefore, Counts III and IV must be dismissed.

## V. THE COURT SHOULD NOT ASSERT SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S COMMON LAW CLAIMS

This Court should not assert "supplemental jurisdiction" over the state claims since there are no viable federal law claims in Plaintiff's Complaint. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966). The factors to be considered by the court under the "supplemental jurisdiction doctrine" are (a) judicial economy, (b) convenience, (c) fairness, and (d) comity. *Carnegie-Mellon University v. Cohill,* 484 U.S. 343 (1988). It is a well founded principle that federal courts should avoid making needless decisions concerning state law in an effort to allow the state courts to make decisions on laws well within their expertise. In *Gaubert v. Gray*, the Court dismissed plaintiff's constitutional claims on grounds of qualified immunity. 747 F. Supp. 40, 50 (D.C. Cir. 1990). Noting that "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right," the court also dismissed the plaintiff's four common law claims. *Id.* Citing the Supreme Court's decision in *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726 (1966), the District Court wrote:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a sure-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. *Gaubert*, 747 F. Supp. at 50.

In this case, Plaintiff has failed to plead a viable constitutional claim against these Defendants. Comity and justice mandates dismissal of Plaintiff's remaining common law claims, as this case is in its earliest stages of litigation, as all Defendants have not been served, nor has discovery begun.

**WHEREFORE**, based on the foregoing, Defendants respectfully request an Order dismissing with prejudice Plaintiff's Complaint against them.

Respectfully Submitted,

PETER J. NICKLES
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

/s/ Dwayne C. Jefferson
DWAYNE C. JEFFERSON [980813]
Assistant Attorney General
One Judiciary Square
441 4th St., N.W., 6th Floor South
Washington, D.C. 20001
(202) 724-6649; (202) 727-6295; (202) 741-0554 fax
dwayne.jefferson@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JULIANN ANDREEN, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No.: 08-0810 (ESH) |
| CATHY L. LANIER, *et al.*, | : | |
| Defendants. | : | |

**ORDER**

UPON CONSIDERATION of Defendants Curtis R. Sloan and Earl Delauder's Motion to Dismiss, the Memorandum of Points and Authorities in Support thereof, Plaintiff's opposition, if any, and the entire record herein, it is on this _______ day of ___________________ 2008, hereby:

ORDERED that the Motion to Dismiss is **GRANTED** such that all of Plaintiff's claims against Defendants Sloan and Delauder are **DISMISSED WITH PREJUDICE** for the reasons set forth in the motion.

______________________________________
**HON. ELLEN S. HUVELLE**
Judge, U.S. District Court
For the District of Columbia