UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JULIANN ANDREEN, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No.: 08-0810 (ESH) |
| CATHY L. LANIER, *et al.,* | : | |
| Defendants. | : | |

### SUPPLEMENTARY MEMORANDUM SUPPORTING THE DISTRICT OF COLUMBIA, POLICE CHIEF CATHY LANIER, SERGEANT CURTIS R. SLOAN & DETECTIVE EARL DELAUDER'S MOTION TO DISMISS

Defendants District of Columbia ("District"), Police Chief Cathy Lanier, Sergeant Curtis R. Sloan and Detective Earl Delauder, by and through undersigned counsel, hereby submit their Supplementary Memorandum Supporting their Motion to Dismiss.

### PROCEDURAL POSTURE

By Minute Order dated August 1, 2008, this Honorable Court Ordered that the Defendants shall file a supplementary memorandum in support of their motion to dismiss on or before August 6, 2008, addressing the two-part inquiry articulated in *Saucier v. Katz*, 533 U.S. 194, 201 (2001), in light of the Supreme Court's holding in *Malley v. Briggs*, 475 U.S. 335, 344-46 (1986).  This brief is submitted pursuant to the Court's Order.

**ARGUMENT**

In *Saucier v. Katz*, 533 U.S. 194, 201 (2001), the Supreme Court considered whether qualified immunity should apply to cases in which the plaintiff alleges use of excessive force. The Court explained that qualified immunity insulates public officials from § 1983 claims when their conduct is objectively reasonable and does not violate clearly established law. This objective reasonableness standard is available to virtually all public officials defending against § 1983 claims. Reasoning that qualified immunity is a defense from suit — and not merely from liability — the Court held that immunity must be judicially determined at the earliest stages of the litigation. The Court mandated a two-part inquiry to determine whether qualified immunity protects government officials in a particular case. That is, a court evaluating a claim of qualified immunity must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation.

In this case, Plaintiff seeks to proceed against Defendants for violations of her Fourth Amendment rights because of an alleged unreasonable search of property she owned. *See* Complaint, generally. There is no dispute that the officers who searched Plaintiff's property did so based on a warrant. However, according to Plaintiff, the warrant was deficient because it was based on an affidavit that:

- did not identify her;
- did not specify that she owned 1016 17th Place, NE.
- did not specify that she resided in Apartment #4 at 1016 17th Place, NE.;
- did not specifically identify where the drug-buy occurred (i.e., in the

>   hallway, in an apartment, at the front door entrance);
>
> - did not identify the person who made the purchase (i.e., special employee or confidential informant);
>
> - did not identify what the observing officers witnessed during the purchase;
>
> - did not specify the race or physical description of the unknown male who allegedly sold drugs inside Apartment #4.

*See* Complaint at ¶¶ 17, 35 – 38, 80 – 83, 86 and 91.  Based on the allegations set forth in Plaintiff's Complaint, this Court need not reach the second-prong of the *Saucier* inquiry because the Complaint fails to satisfy the first-prong of the *Saucier* test.  That is, plaintiff has failed to identify the deprivation of an actual constitutional right.  *See* Plaintiff's Complaint, generally.

Pursuant to the Fourth Amendment, police officers may execute a warrant issued upon probable cause.   In *United States v. Leon,* 468 U.S. 897 (1984) the district court suppressed a quantity of drugs found through the execution of a facially valid search warrant because the underlying affidavit did not establish the existence of probable cause.  The Supreme Court reversed, holding that the Fourth Amendment exclusionary rule should be modified so as not to bar the use in the prosecution's case-in-chief of evidence obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause.

In *Massachusetts v. Sheppard*, 468 U.S. 981 (1984), the Court upheld the search based on an alleged defective warrant and explained that the exclusionary rule should not be applied when the officer conducting the search acted in objectively reasonable reliance on a warrant issued by a detached and neutral magistrate that subsequently is determined

to be invalid. The *Sheppard* Court ruled admissible certain evidence obtained through the execution of a warrant that defectively mis-stated seizable items because the affiant had properly set out those items in his affidavit, and reasonably relied upon the magistrate's representations that the warrant authorized him to conduct the search he had requested.

In the present case, there are no factual allegations pled to support Plaintiff's claim that the search of her property was unreasonable and violates the Fourth Amendment. Other than conclusory allegations that need not be accepted by this Court, Plaintiff has failed to plead facts to support her argument that the warrant application lacked any indicia of reliability such that a reasonable officer would know that probable cause was non-existent. *See* Complaint, generally; *see also Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-65 (2007) (holding that in order to survive a motion to dismiss, a plaintiff's complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). Though Plaintiff claims that the warrant was defective because it did not contain detailed information, she has failed to plead any facts to support an actual constitutional right violated by these Defendants. *See* Complaint, generally. In fact, there is no case law that establishes a constitutional right to have the claimed missing information included in an affidavit before a warrant may be issued. Members of the police department executed what they believed was a facially valid warrant, and had no reason to know that the execution of the warrant would violate Plaintiff's constitutional rights.

In *Malley v. Briggs*, 475 U.S. 335, 344-46 (1986), the Court was faced with the question of the degree of immunity accorded a defendant police officer in a damages

action under 42 U.S.C. § 1983 when it was alleged that the officer caused the plaintiffs to be unconstitutionally arrested by presenting a judge with a complaint and a supporting affidavit that failed to establish probable cause. The *Malley* Court applied the *Leon* decision in a manner that distinguished between an officer who relies upon a warrant issued within the range of professional competence of a magistrate, and an officer whose request for a warrant falls outside the range of professional competence expected of an officer, thus negating any claim of reasonable reliance. The *Malley* Court explained that if the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable, then the officer applying for the warrant is not entitled to qualified immunity.

    Unlike the plaintiff in *Malley*, Plaintiff herein was not arrested based on the alleged defective warrant application. Plaintiff simply has not shown any violation of any of her constitutional rights. While Plaintiff suggests that Officer Linville deliberately and/or recklessly prepared a false affidavit, she fails to plead what information in the warrant was false, or that inclusion of any omitted facts would have undermined or negated the existence of probable cause, or otherwise would have prevented the warrant's issuance. Plaintiff's failure to plead any facts to support the existence of an actual constitutional right that was violated by Defendants ends the Court's inquiry at the first part of the two-part inquiry mandated by *Saucier.* Therefore, this Court need not reach the issue of qualified immunity.

    To the extent this Court finds that plaintiff's Complaint has satisfied the first part of the two-part inquiry under *Saucier,* the Court must then determine whether the individual defendants are entitled to qualified immunity. Plaintiff has failed to plead any facts to

show that Officer Linville deliberately or recklessly included information that he knew to be false in the warrant application or failed to include facts which he knew would cause the warrant not to be issued. *See* Complaint, generally. More importantly, Plaintiff has not included any facts to show that the other officers who relied upon the warrant knew that the warrant was defective and the search was unauthorized or otherwise violated plaintiff's constitutional rights. As more fully argued in their motion to dismiss, the individually named defendants are entitled to dismissal of the Complaint because of their qualified immunity defense. These defendants incorporate the arguments in their motion as if fully set forth herein.

WHEREFORE, Defendants request this Court to grant their motion and dismiss all claims against them.

Respectfully Submitted,

PETER J. NICKLES
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____/s/_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

____/s/ Dwayne C. Jefferson_____
DWAYNE C. JEFFERSON [980813]
Assistant Attorney General
One Judiciary Square
441 4th St., N.W., 6th Floor South
Washington, D.C. 20001
(202) 724-6649; (202) 727-6295; (202) 741-0554 fax
dwayne.jefferson@dc.gov