UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JULIANN ANDREEN, | : | |
| | : | |
|    Plaintiff, | : | |
| | : | |
| v. | : | C.A. No.: 08-0810 (ESH) |
| | : | |
| CATHY L. LANIER, *et al.*, | : | |
| | : | |
|    Defendants. | : | |
| _____ | : | |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' SUPPLEMENTARY MEMORANDUM SUPPORTING MOTION TO DISMISS ON BEHALF OF THE DISTRICT OF COLUMBIA, POLICE CHIEF CATHY LANIER, SERGEANT CURTIS R. SLOAN & DETECTIVE EARL DELAUDER**

Defendants District of Columbia ("District"), Police Chief Cathy Lanier, Sergeant Curtis R. Sloan and Detective Earl Delauder, by and through undersigned counsel, hereby submit their Reply to Plaintiff's Opposition to their Supplementary Memorandum Supporting their Motion to Dismiss. [Docket # 15].

**ARGUMENT**

Plaintiff repeatedly alleges, without evidentiary support, that Officer Linville's affidavit lacked an "indicia of probable cause" because it "contained false information" as well as "holes, inconsistencies and falsities." [Docket # 16 at pp. 3 – 5 and 11]. Yet, Plaintiff has failed to properly plead any fraud that was committed in furtherance of obtaining the warrant to search her property. This Court need not accept Plaintiff's conclusory allegations. As held by *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007), a plaintiff is required to plead enough facts to state a claim for relief that is

plausible on its face. A total review of the Complaint and Opposition clearly demonstrate that there are no factual allegations to support any claim of fraud.

Plaintiff also argues that the affidavit lacked any indicia of probable cause. For instance, Plaintiff suggests that the affidavit is flawed because it does not reflect that Officer Linville personally field-tested the substance the confidential information purchased during the drug buy. Plaintiff also complains that the affidavit did not state that MPD officers observed the confidential informant from the time they searched him until the time he entered the building. [Docket # 16 at pp. 5 – 6]. Yet, Courts have consistently recognized that probable cause exists where a reliable informant's tip is corroborated by a single controlled buy of illegal narcotics. *United States v. Warren*, 42 F.3d 647, 652 (D.C. Cir. 1994), *citing, United States v. Allen,* 960 F.2d 1055, 1057 (D.C. Cir.), *cert. denied,* 506 U.S. 881, 113 S.Ct. 231, 121 L.Ed.2d 167 (1992); *United States v. Branch,* 545 F.2d 177, 179-80 (D.C.Cir.1976). Plaintiff does not even attempt to support her claim that the warrant lacked probable cause by contending that the drug buy never occurred or otherwise challenge the reliability of the confidential informant. The fact that a reliable informant's tip was corroborated by a single controlled buy at Juliann Andreen's home supports the probable cause set forth in the affidavit and warrant.

In *United States v. Warren*, 42 F.3d 647 (D.C. Cir. 1994), a confidential informant furnished data forming the basis of a search warrant after the informant — using police dollars — engaged in a controlled drug buy of crack cocaine at a specified residence. The police recited the informant's data in an affidavit submitted to a magistrate, who then issued a search warrant. When the search of the residence uncovered drugs and a firearm, Wilbert Warren was charged with (and later convicted of) possession of crack

cocaine with intent to distribute and use of a firearm during, and in relation to, a drug offense.

During conviction proceedings, Warren claimed that officers lacked probable cause to search his home. Not unlike Juliann Andreen in the present case, Warren quibbled with the contents of the affidavit underlying the warrant. Specifically, in *Warren*, the officer who supplied the affidavit for the warrant did not execute the warrant. *See* 42 F.3d. at 650. The warrant also described the residence to be searched as, "located on the first floor, first apartment to the right upon entering the building and ... marked with # 1." *Id*. However, the first apartment in the described location was marked with an "A," and the other first floor apartment was marked with a "B." *Id*. at 651. In both finding probable cause and holding that the warrant's description was adequate (notwithstanding its acknowledged deficiencies), the Court explained the very liberal standards that apply in determining whether a warrant and its underlying affidavit pass constitutional muster:

> [A]ffidavits for search warrants . . . must be tested and interpreted by magistrates and courts in a common-sense and realistic fashion. They are normally drafted by non-lawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area.

*Warren*, 42 F.3d at 653, *citing United States v. Ventresca*, 380 U.S. 102, 108, 85 S.Ct. 741, 746 (1965); *see also Illinois v Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983) (the determination of probable cause calls for a "practical, commonsense" inquiry); *United States v. Burke*, 784 F.2d 1090 (11th Cir. 1986) (search of apartment validated despite presence of incorrect address in warrant), *cert denied*, 476 U.S. 1174, 106 S.Ct. 2901 (1986). The affidavit submitted for the search of Plaintiff's property does not suffer from the same infirmities as that in the *Warren* case, which

affords this Court an even wider berth to reject Plaintiff's probable cause contentions.

Plaintiff questions whether Officer Linville's affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. [Docket # 16 at p. 11]. This question is easily answered. As the foregoing probable cause analysis has already shown, Officer Linville's affidavit was not a bare bones document, but contained sufficient indicia of probable cause to support the magistrate's probable cause finding. For instance, Officer Linville provides extensive documentation of the confidential informant's reliability — including the statement that, "The reliability of the Special Employee (SE) is that it has provided on several occasions, information leading to narcotics arrests, specifically crack-cocaine and heroin and has never provided false information to the police while working as an SE. No information provided by the SE to your affiant's knowledge has ever been misleading or incorrect. Information gathered by the SE has been used numerous times (10+) and has never been unreliable." Once the magistrate ruled, it was objectively reasonable for the officers to rely on the warrant and affidavit. *See Gales*, 47 F.Supp.2d at 47 (officers have qualified immunity for executing the search warrant because they reasonably believed it to be a facially valid warrant obtained by fellow officers). *Liser v. Smith*, 254 F.Supp.2d 89, 105 (D.D.C. 2003) (Huvelle, J.) ("There can be little doubt that a reasonable officer *could have believed* that probable cause supported the [search].") (original emphasis).

Plaintiff has simply failed to show that she had a constitutional right not to have her property searched based on the warrant relied upon by the named Defendants. As set forth in *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *Phillips v. District of Columbia,* 455 F.3d 397 (D.C. Cir. 2006), and other cases, a plaintiff is required to identify with

specificity the constitutional right claimed to have been violated.  In *Phillips,* 455 F.3d at 403, the Court held that it is important to focus on the allegations in the complaint to determine how a plaintiff describes the constitutional right at stake and what the defendant allegedly did to deprive her of that right.  In the present case, the Complaint allegations clearly demonstrate that Plaintiff has failed to identify — with any specificity as required by *Saucier* and *Phillips* — and/or to show that the constitutional right was clearly established when the named Defendants purportedly violated those rights.  Absent sufficient allegations to meet the first prong of the test set forth in *Saucier and Malley v. Briggs*, 475 U.S. 335, 344-46 (1986), Defendants are entitled to dismissal of the Complaint.

Without citing any supporting statutory or jurisprudential authority, Plaintiff claims that documents attached to an opposition to a motion to reinstate [Docket # 12] converts Defendants' Motion to Dismiss into a summary judgment motion.  [Docket # 16 at p. 2]. In filing their Motion to Dismiss, Defendants asked the Court to examine the four corners of Plaintiff's Complaint and, based on allegations set forth therein, dismiss the case as appropriate.  Moreover, even though documents are attached to pleadings, if a Court does not review them and/or does not base its decision on documents outside the parameters of the Complaint, the Court need not treat the motion as one for summary judgment.  *See* Fed. R. Civ. P. 12(d), which provides that, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Therefore, even if this Court treats Defendants' motion as one for summary judgment, it

need not deny the motion, but give the parties an opportunity to submit all material pertinent to the motion.

## CONCLUSION

Plaintiff seizes upon claimed factual omissions from the affidavit, which supported the issuance of the warrant to search her property, that are immaterial to the issue of probable cause.  A fair reading of the Linville affidavit reveals that none of the purported factual omissions alleged by Plaintiff result in any constitutional violation.  Moreover, Plaintiff has failed to identify the existence of any constitutional right that she held which was established when Defendants purportedly violated those rights.  Therefore, this Court must reject Plaintiff's 4th Amendment claims and grant Defendants' Motion to Dismiss.

Respectfully Submitted,

PETER J. NICKLES
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

   /s/  Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

   /s/ Dwayne C. Jefferson
DWAYNE C. JEFFERSON [980813]
Assistant Attorney General
One Judiciary Square
441 4th St., N.W., 6th Floor South
Washington, D.C. 20001
(202) 724-6649; (202) 727-6295; (202) 741-0554 fax
dwayne.jefferson@dc.gov