UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIANN ANDREEN<br><br>    Plaintiff<br><br>    v.<br><br>MPD CHIEF CATHY LANIER,<br>THE DISTRICT OF COLUMBIA,<br>*et al.*,<br><br>    Defendants | Case No. 1:08–cv– 0810 –ESH<br><br>Judge Ellen Segal Huvelle<br><br>September 5, 2008 |

**PLAINTIFF JULIANN ANDREEN'S MOTION TO RECONSIDER
OR AMEND JUDGMENT OF THE COURT'S AUGUST 26, 2008,
MEMORANDUM OPINION GRANTING DEFENDANTS' MOTION TO DISMISS**

Plaintiff Juliann Andreen, through counsel, respectfully submits this Motion to Alter or Amend Judgment, pursuant to Fed. R. Civ. Pro. 59(e), of the Court's August 26, 2008, Memorandum Opinion granting the Defendants' motion to dismiss.

Ms. Andreen requests that this Court to withdraw this Order and reinstate the action concerning both the federal and state law claims against the District of Columbia, Chief Cathy Lanier and the police officers.

The Court should grant this motion for the following reasons:

**A. The Warrant Was Invalid Because Officer Linville Submitted An Affidavit Intended to Mislead The Judge And Which Officer Linville Knew Was False Or Recklessly Disregarded The Truth**.

1.    The Court failed to address Ms. Andreen's argument that Officer Linville wrote and attached an affidavit to his warrant request which he knew was false or recklessly disregarded the truth.

2.  It is premature to dismiss Ms. Andreen's claims against the Defendants because discovery has not taken place. Ms. Andreen can investigate Officer Linville's and Officer Haines' truthfulness, a question of fact, only through discovery.

3.  In *U.S. v. Leon*, 468 U.S. 897 (1984), the Supreme Court outlined four instances when a search warrant, signed by a judge or magistrate and executed by government officers, is invalid. One of these instances is if the affiant included information in the affidavit that misled the judge and which the affiant knew was false or should have known was false, except for his reckless disregard of the truth.

4.  The warrant the officers executed on Ms. Andreen's apartment was invalid, despite being signed by a judge, because the affiant knew the information in it was false or should have known it was false, except for his reckless disregard of the truth.

5.  Officer Linville, and supervising Officer Haines, knew or should have known, but for their reckless disregard of the truth and failure to investigate and confirm the Special Employee's (S.E.) story, that the S.E. did not buy, and could not have bought, narcotics from 1016 17th Place NE, Apartment #4, because no one in that apartment or house was selling drugs.

6   Considering the results of the search, it is evident that the S.E.'s information was a lie and unsupported by any officers' personal knowledge of a man selling drugs from Apartment #4 or anywhere in the building.

7.  If Officer Linville or Officer Haines had conducted any investigation prior to writing the affidavit, it is unlikely they would have searched and ransacked Ms. Andreen's apartment

because they would have discovered her identity and her anti-drug activities in the community.

8. Officer Linville, and supervising Officer Haines, at the very least, recklessly disregarded the truth when Officer Linville wrote the affidavit and attached it to the request for a warrant.

9. Immediately upon entering Ms. Andreen's apartment on June 11, 2007, Sergeant Sloan, Detective DeLauder and Investigator Abdalla recognized that noone was selling drugs from Ms. Andreen's apartment.

10. An October 10, 2007, MPD Internal Affairs Memorandum acknowledged that there were "discrepancies"between the affidavit and Officer Haines' and Officer Linville's many different reports of what the S.E. told them happened when the S.E. allegedly purchased drugs at 1016 17th Place NE. The Memorandum recommended that:

> to address the discrepancy found in the affidavit in support of the search warrant, .... Departmental reviews of affidavits should be tasked to officials at the rank of lieutenant or above, who have obtained an appropriate level of experience in successful applications to District of Columbia Superior Court and United States District Court Search and/or Arrest Warrants. This determination should be addressed as well by the Office of Professional Development, Directives Division.

11. Discovery has not occurred yet, so Ms. Andreen does not have the power to subpoena documents and depose Officers Linville and Haines and question them about the affidavit.

12. It is likely that through discovery, Ms. Andreen will obtain more evidence that Officer Linville and Officer Haines knew that the information in the affidavit was false or recklessly disregarded the truth. But for the Officers' actions, Ms. Andreen's apartment

would not have been illegally searched, ransacked, and left unsecured in violation of her Fourth Amendment right to be secure in her person, house, papers, and effects.

13. In the interest of justice, this Court can not permit Metropolitan Police Officer Linville and Officer Haines to submit an affidavit in support of a request for a warrant that they know or should have known was false. A judge relies on an officer's truthfulness and ability to check facts supporting an affidavit when he or she signs a warrant to invade an individual's privacy and search his or her home, personal property and effects.

14. A motion to alter or amend judgment is appropriate to avoid grave injustice against Ms. Andreen. A decision on the merits without the opportunity to develop proof, through the discovery process, that the police lied to the judge, leaves the safeguard the citizenry expects from the Fourth Amendment in tatters.

**B. The Court Did Not Address Ms. Andreen's Fourth Cause of Action: Defendants' Conspiracy to Cover Up the Illegal Search of Her Apartment, Destruction of Her Property and Failure To Secure the Premises.**

1. This Court failed to address Ms. Andreen's Fourth Cause of Action, the Defendants' conspiracy to cover-up the unconstitutional, tortious, and negligent actions the Officers committed in submitting the affidavit, executing the warrant, ransacking Ms. Andreen's apartment and knowingly leaving the premises unsecured.

2. This Court was premature in dismissing Ms. Andreen's fourth cause of action because discovery will support her claim of conspiracy by showing the officers' continually changed statements made to Ms. Andreen, cut-and-paste statements made to an Internal Affairs Investigator, and Chief Lanier's attempt to delay Ms. Andreen's efforts to

      determine why her apartment was broken into and searched by MPD officers on June 11, 2007.

3. Through depositions of Officer Linville, Officer Haines, Chief Lanier and other officers, Ms. Andreen will obtain more evidence that the officers and other MPD personnel conspired to delay Ms. Andreen from determining why her apartment was searched, that the individual officers have knowledge that they violated Ms. Andreen's Fourth Amendment right, MPD rules and procedures, acted in a tortious and/or negligent manner when they executed the warrant, ransacked her home and left her apartment and house unsecured.

4. A determination of whether the Defendants conspired to cover up the officers actions on June 11, 2007, is a question of fact.  The veracity of Ms. Andreen's and each defendant's testimony is key to determining the existence of a conspiracy.  Only discovery can reveal the necessary facts.

5. This Court was premature in dismissing Ms. Andreen's Fourth Cause of Action because discovery has not yet taken place, and it is a question of fact whether MPD officers and personnel conspired to cover up the actions of the officers on June 11, 2007.

## CONCLUSION

In light of the above, this Court should reconsider and withdraw its Order dismissing the action and reinstate the action as to both the federal and state law claims against Defendants District of Columbia, Chief Cathy Lanier and the police officers.

                                        Respectfully submitted,

September 5, 2008                            /s/  **Lynn I. Miller**
                                              Lynn I. Miller, #941559

September 5, 2008    /s/  *James R. Klimaski*
James R. Klimaski, #243543
Klimaski & Associates, P.C.
1625 Massachusetts Avenue NW – Suite 500
Washington, DC  20036-2245
202-296-5600
Miller@Klimaskilaw.com
Klimaski@Klimaskilaw.com

***Attorneys for Juliann Andreen***

## Certificate of Service

I certify that the foregoing ***Plaintiff Juliann Andreen's Motion to Reconsider or Amend Judgment of the Court's August 26, 2008, Memorandum Opinion Granting Defendants' Motion to Dismiss*** will be served to the following counsel for Defendants in this case by the Court's CM/ECF system after proper filing of an Adobe PDF version of this item on the Court's secure website on September 5, 2008:

DWAYNE C. JEFFERSON
Assistant Attorney General
Office of the D.C. Attorney General
441 4th Street NW
6th Floor South
Washington, D.C. 20001
(202) 741-0554 fax
dwayne.jefferson@dc.gov

   */s/ Jon Pinkus*
Jon Pinkus
Klimaski and Associates, PC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JULIANN ANDREEN**<br><br>    Plaintiff<br><br>    v.<br><br>**MPD CHIEF CATHY LANIER,**<br>**THE DISTRICT OF COLUMBIA,**<br>*et al.,*<br><br>    **Defendants** | Case No. 1:08–cv– 0810 –ESH |

**ORDER**

In light of Plaintiff's September 5, 2008, Motion to reconsider or amend judgment of the Court's August 26, 2008, Memorandum Opinion granting the Defendants' Motion to Dismiss — and any opposition and replies thereto, it is hereby

**ORDERED** that the motion is granted. The Court hereby withdraws and rescinds its Order dismissing the action and reinstates the action as to both the federal and state law claims against Defendants District of Columbia, Chief Cathy Lanier and the police officers.

**SO ORDERED.**

_____            _____
Date                              Ellen Segal Huvelle
                                  United States District Judge

Copies to Counsel
via the Court's CM/ECF System.