UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIAN ANDREEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MPD CHIEF CATHY LANIER, )<br>THE DISTRICT OF COLUMBIA, *ET AL.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 08-cv-0810 (ESH) |

## MEMORANDUM OPINION

Plaintiff Julian Andreen filed this lawsuit against the District of Columbia, Police Chief Cathy Lanier, and various Metropolitan Police Department ("MPD") officers for an allegedly unlawful search of her home at 1016 17th Place N.E., Apartment # 4. Defendants moved to dismiss plaintiff's claims. On August 26, 2008, the Court granted defendants' motion to dismiss, holding that the search warrant was supported by probable cause. *Andreen v. Lanier*, __ F. Supp.2d __, 2008 WL 3906663 (D.D.C. Aug. 26, 2008). Plaintiff now moves for reconsideration of the Court's Memorandum Opinion and Order under Rule 59(e). For the reasons stated herein, plaintiff's motion for reconsideration will be denied.

## LEGAL STANDARD

"A motion for reconsideration . . . will not be lightly granted." *Mobley v. Cont'l Cas. Co.*, 405 F.Supp.2d 42, 45 (D.D.C. 2005). Reconsideration is only appropriate when "the moving party shows new facts or clear errors of law which compel the court to change its prior

position." *Nat'l Ctr. for Mfg. Scis. v. Dep't of Def.*, 199 F.3d 507, 511 (D.C. Cir. 2000).  Such motions "are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Baucus*, 153 F.Supp.2d 23, 28 (D.D.C. 2001).  Rule 59(e) motions are "not to be used to relitigate matters already argued and disposed of; they are intended to permit the court to correct errors of fact appearing on the face of the record, or errors of law." *Indep. Petroleum Ass'n of America v. Babbitt*, 178 F.R.D. 323, 324 (D.D.C. 1998); *see Niedermeier*, 153 F.Supp.2d at 28 (Rule 59(e) motion may not be used to "relitigate old matters, or to raise new arguments or present evidence that could have been raised prior to the entry of judgment.").

## ANALYSIS

**I.     Counts I and II – Constitutional and Civil Rights Claims**

Plaintiff argues that the Court erred in dismissing her constitutional and civil rights claims (Counts I and II) without adequately addressing her argument that the search warrant was based on a false affidavit submitted by Officer Linville.[1]  (Pl.'s Mot. at 1.)

The Court did not need to address such an argument because plaintiff did not allege that Officer Linville intentionally or recklessly made false statements that were material to the probable cause finding.  *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (explaining pleading must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests") (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  The complaint refers to "a flawed affidavit" (Compl. ¶ 18), "a deficient affidavit" (*id.* ¶¶ 86, 91), and "an

---

[1] To prevail on this theory, plaintiff must show that (1) the affidavit contained false statements; (2) the statements were material to the issue of probable cause; and (3) the false statements were made knowingly or with reckless disregard for the truth.  *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978); *see also United States v. Richardson*, 861 F.2d 291, 293 (D.C. Cir. 1988).

affidavit . . . deficient and lacking in facts (*id.* ¶ 80), but it fails to allege that the affidavit contained material information that was false.  The complaint alleges that "Officer Linville negligently requested a warrant based on unreliable information and factual inconsistencies." (*Id.* ¶ 102.)  However, "[a]llegations of negligence or innocent mistake are insufficient" to satisfy the *Franks* test which requires intentional or reckless disregard for the truth.  *Franks v. Delaware*, 438 U.S. 154, 171 (1978); *see also United States v. Dale*, 991 F.2d 819 (D.C. Cir. 1993) (holding that failure to investigate fully is not evidence of affiant's reckless disregard for the truth because questioning of others might have caused a leak in the drug investigation). Although the complaint alleges that "Ms. Andreen believed the officers were lying to *her*"[2] (Compl. ¶ 52 (emphasis added)), it does not allege that any officer lied, or acted with reckless disregard to the truth, when providing information to the judge who issued the search warrant. Finally, plaintiff's attack on the veracity of the Special Employee, a non-governmental informant, is not grounds for relief.  *See Franks*, 438 U.S. at 171.

Given these allegations, the Court properly concluded that the warrant was supported by probable cause and any alleged inadequacies in the investigation or deficiencies in the affidavit did not rise to the level of a constitutional violation.  (*See* Mem. Opin. at 4-6.)

## II.     Count IV – Conspiracy Claim

In support of her motion to reconsider, plaintiff also argues that the Court failed to address Count IV of her complaint – an alleged conspiracy to cover up the illegal search of her apartment, destruction of property and failure to secure the premises.  (Pl.'s Mot at 4.)

---

[2] More specifically, plaintiff alleges that she received inconsistent explanations from the officers as to whether the information in the affidavit came from a Special Employee or a Confidential Informant, and as to where and from whom the narcotics were purchased in the building. (Compl. ¶¶ 47-67.)

Contrary to plaintiff's assertion, the Court did address plaintiff's conspiracy claim.  The Court rejected the claim on two grounds.  First, the Court found that Count IV must be dismissed because the underlying search of plaintiff's residence was constitutional.  (Mem. Opin. at 7 n.6.)  Without a constitutional violation, there can be no conspiracy to cover up a constitutional violation.  Second, the Court cited *Halberstam v. Welch*, 705 F.2d 472, 487 (D.C. Cir. 1983) for the proposition that "a conspiracy requires . . . an agreement to do an unlawful act or a lawful act in an unlawful manner."  (Mem. Opin. at 7 n.6.)  Plaintiff's complaint fails to allege any agreement between the named defendants and Chief Lanier.  (*See* Compl. generally.)  The complaint suggests instead that there was a lack of collaboration borne out by "inconsistencies in the different versions of explanations [plaintiff] received . . . including the identity of the individual who made the purchase, where in the building the individual made the purchase, and what the observing officers witnessed during the purchase."  (*Id*. at ¶ 67; *see also id.* at ¶¶ 33-34, 48-49, 54-55.)  Without agreement, there can be no conspiracy.

## CONCLUSION

For these reasons, Court declines to alter its prior decision dismissing Counts I, II, and IV for failure to state a claim upon which relief could be granted.  Plaintiff's motion for reconsideration will be **DENIED**.

                                                             /s/
                                       ELLEN SEGAL HUVELLE
                                       United States District Judge

Date:   October 27, 2008